BARHAM, Justice
(dissenting).
This case is badly postured before us because the trial court, the State’s attorney, and the defendant’s counsel have all as■sumed that this defendant had a court-.appointed sanity commission inquire into both his competency to stand trial (present insanity) and his mental state at the time •'of the offense. The trial judge commented: “All that was brought out in the •court, whether he was sane at the time ■ of the crime-and whether he was presently .sane. Both members of the commission were questioned extensively in court. The Court as well as the jury felt that he was sane.” (Emphasis here and elsewhere has been supplied.) The errors in this case emanate in large part from the erroneous assumption apparently held by all involved that there had been a sanity commission inquiry into whether defendant was sane or insane at the time the offense was committed. There was no sanity commission examination regarding the defendant’s state of mind at the time the offense occurred.
Apparently in this case the defendant’s entire case depended upon his plea of not guilty by reason of insanity, for all of the bills of exception were taken to rulings on his competency to stand trial and to rulings at the trial before the jury in regard to his sanity at the time of the commission of the offens.e.
Code of Criminal Procedure Article 644 provides for the appointment of a sanity commission to make an examination of the defendant and to report on his present capacity in order that the court may deteimine whether he has the mental capacity to stand trial and to assist counsel. Article 650 provides that when the defendant enters a combined plea of “not guilty and not guilty by reason of insanity”, the court may appoint a sanity commission as -provided in Article 644 to make an examination of the defendant’s mental condition at the time of the offense..- In. the instant *875 case defendant’s counsel filed a motion for a sanity commission under Article 644, which was granted. At the time of the granting of this motion and the appointment of a sanity commission, no plea had been entered by the defendant, and the only investigation which was made or could be made by the sanity commission in compliance with the order of the court wa§ into the present mental capacity of the defendant to proceed to trial and to assist counsel. The report of that commission made a conclusion as to the present mental capacity of the defendant and his ability to assist counsel and to stand trial. There is nothing in the report dealing with his mental capacity or sanity at the time the offense was committed.
After a hearing the trial court ruled that the defendant was presently sane and had the mental capacity to assist counsel in defense and to stand trial. Counsel for defendant reserved a bill to this ruling and also reserved a bill to the denial of a motion to appoint a new commission on that same date. The defendant was immediately arraigned and pleaded not guilty and not guilty by reason of insanity.
It is most pertinent to note that the motion filed by counsel for defendant before the entering of any plea was a motion only to have a sanity commission inquire into the present mental capacity of the defendant and his ability to assist in his defense. The report filed by that commission concluded that “ * * * he is able to cooperate with his attorney and participate in his defense”. After the hearing and the denial of his motion for a new sanity commission and the plea of not guilty and not guilty by reason of insanity, the attorney for the defendant filed a motion with the court for approval of an expenditure by the Indigent Defender Board for the payment of necessary fees to secure psychiatric evaluation and to obtain expert testimony on behalf of the defendant. The Indigent Defender Board approved the expenditure of the funds. Nevertheless the trial judge, who had the final determination, refused the motion for this expenditure.
The trial court never appointed a sanity commission in compliance with Article 650. That article reads:
“When a defendant enters a combined plea of ‘not guilty and not guilty by reason of insanity,’ the court may appoint a sanity commission as provided in Article 644 to make an examination as to the defendant’s mental condition at the time of the offense. The court may also order the commission to make an examination as to the defendant’s present mental capacity to proceed. Mental examinations, and reports under this article shall be conducted and filed in conformity with Articles 644 through 646.”
Official Comment (b) under that article reads: “The court’s authority to order *877 also an examination of the defendant’s present capacity to proceed will promote trial convenience. It does not give rise to the objections inherent in the ordering of an examination as to the defendant’s mental condition at the time of the crime -before he has elected to urge that defense. * * * ”
As the comment points out, the court cannot inquire into the sanity or insanity of the defendant at the time of the commission of the crime before he has pleaded such a defense. Here, where the issue raised by the defendant and accepted by the court under its minute order was to determine whether this defendant was mentally competent to proceed to trial, no plea could be entered for him until his competency to plead or proceed was determined. See C.Cr.P.Art. 642. It is after .a determination of defendant’s competency (if such a plea has not been previously ■entered) that a plea of not guilty by reason of insanity may be entered. It is only •after a plea of not guilty by reason of insanity that a sanity commission may make inquiry into the defendant’s sanity at the .time of the commission of the crime. Code ■of Criminal Procedure Article 650 provides, and the comment thereunder states, that once the plea of not guilty by reason •of insanity is made, it is permissible to inquire also into whether a defendant is .at present capable of proceeding to trial. The converse of that proposition is not true, as is noted in the official comment. There are inherent objections to ordering an examination of the accused’s mental condition at the time of the offense when the only motion presented to the court prior to a plea of not guilty by reason of insanity is a motion to inquire into his present capacity to proceed.
This accused has never had a sanity commission or any physician examine, evaluate, or inquire into his mental condition at the time of the offense. Yet he has pleaded not guilty by reason of insanity, and this claim of insanity appears to be his entire case.
The record discloses that the physicians who were acting under the sanity commission appointed to inquire into present sanity stated on the trial of the case before the jury that the defendant had a psychopathic personality, a mental age of seven years, and paranoid tendencies. From their testimony at the trial it appears that they did not discuss with the defendant the occurrence out of which the charge arose or inquire into his condition at the time of the offense. They merely testified as to the defendant’s condition as it appeared to them when they examined him for present capacity to proceed to trial. Their knowledge of the crime charged was gathered from a police report describing the offense. They also considered psychological and psychiatric reports made in other years while defendant was in *879 military service and upon another occasion when the defendant while under indictment was declared insane and incarcerated in a security hospital but later was declared sane and stood trial.* The facts related above by the physicians who acted on the one sanity commission ordered are sufficient to establish that this defendant’s plea of not guilty by reason of insanity was not a frivolous plea but indeed was sincere and was defendant’s only plea.
Although certainly the sanity commission may be requested by motion by the State or the defendant after a plea of not guilty by reason of insanity, under Article 650 the plea itself presents that motion. The permissiveness of the article would relate to the trial judge’s discretion to order a merited sanity commission ex proprio motu or on motion of the State or the defendant. Our record reflects that this accused’s plea was sincere and sufficiently well founded to warrant a commission. Certainly the court could have — should have here — ordered such a commission sua sponte. Except for the existence of the erroneous assumption previously noted— that such a commission had been appointed —I believe that the court would have so> responded.
Not only has this accused not had the-benefit of a sanity commission, he has been denied the right to have an examination by an expert for the purpose of presenting evidence at his trial on the issue of his innocence by reason of insanity at the time of the offense. The presumption of innocence is stripped from a defendant and the burden of establishing his innocence is placed upon him only when he pleads his innocence by reason of insanity at the time the offense zvas committed. Code of Criminal Procedure Article . 652 states: “The defendant has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence.” Since this is the only occasion when the defendant must come forward with the burden of establishing his innocence, we should be most careful that *881 he is given-all the tools necessary to carry that burden.
Moreover, Article 653 provides: “ * * •Other evidence pertaining to the defense of insanity at the time of the offense may be introduced at the trial by the defense and by the district attorney.” It is anticipated that a defendant be allowed to make a full defense before a jury in order to carry the burden of establishing his innocence by reason of being insane at the time of the commission of the offense. ■On the assumption that the defendant knew that the physicians who had examined him on the sanity commission for present capacity would testify adversely to his plea of insanity at the trial (and I think the assumption is safe), the court had foreclosed the possibility of his presenting any convincing evidence to the contrary. To this defendant whose protestation of innocence depended upon establishing insanity, a trial before the jury would appear to be an almost vain and useless thing. It would hardly be conceivable that a jury would be convinced by any amount of lay testimony to disregard the testimony of the parish coroner and a qualified psychiatrist. If the State had been dissatisfied with a sanity commission finding, it could have presented additional and even contrary expert evidence to defeat the plea. A defendant financially able could present contrary expert testimony to support his plea. If a rich man may secure examinations by psychiatrists and their testimony in court, certainly an indigent is entitled to the same right when he is discharging that heavy burden of establishing innocence. I am of the opinion that the trial court erred in two respects. First, the trial court, apparently acting on the belief that a sanity commission had properly inquired into sanity at the time of the offense, erred in failing to appoint a sanity commission after the plea of not guilty by reason of insanity. Second, even if there had been, a sanity commission under Article 650, I am persuaded that when Article 652 places the burden upon a defendant to establish by a preponderance of the evidence his innocence by reason of insanity at the time of the offense, the indigent is entitled to have an expert appointed by the court in order that he may discharge that burden. See 110 U.Pa.L. Rev. 1061. I would grant to the trial court the discretion to determine the seriousness of the plea. Here, where the record reflects that this is a serious plea in which there may be merit and which the defendant should have a right to test, and where there has been no sanity commission, I am of the opinion he was certainly entitled to have independent medical evidence as part of his defense, it being essential next only to counsel.
I respectfully dissent.

 It is. to be noted that if the physicians who testified at the trial had actually composed a sanity commission for the purpose of inquiring into sanity at the time of the offense under Code of Criminal Procedure Article 650, the commission very likely could have been challenged for failure to discharge its duties properly. While their testimony is more than adequate to support a finding that they made an examination and report as required by Article 644, it is difficult to believe that they had carried out a competent examination for a conclusion required under an inquiry into the mental state of the defendant at the time be committed the offense. Since there was no commission, the coroner and the psychiatrist who testified before the jury were not the court’s experts but were in fact the State’s witnesses. Since the law requires the defendant to carry the burden of proof, the State was not obligated to call the witnesses, and of course the defendant could not gain from an attack upon their credibility since he was afforded no opportunity to offer contrary proof.